UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALISON L. BEATTY,

                          Plaintiff,

       v.                                          Case No.

AMERIPRISE FINANCIAL SERVICES, INC.,
J. DESENA AND ASSOCIATES, and
JOSEPH DESENA, in his official and individual capacities

                          Defendants.

-----------------------------------------------------------------X

**07 2007**
**PLATT, J.**
**TOMLINSON, M.J.**
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2007 ★
BROOKLYN OFFICE

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alison L. Beatty, by and through her undersigned counsel, as and for her Complaint in this action against Ameriprise Financial Services, Inc. ("Ameriprise"), J. DeSena and Associates (the "DeSena Company"), and Joseph DeSena (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful discriminatory treatment of, failure to provide reasonable accommodation, and unlawful termination of Plaintiff's employment due to her disability, Defendants' perception that Plaintiff was disabled, and/or Plaintiff's history or record of disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"), and the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"), as well as other tortious conduct.

2. This action also seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful retaliatory conduct against Plaintiff due to the exercise of her rights under the ADA and/or NYSHRL, including, but not limited to, questioning Plaintiff about her disability in front of other employees, refusing to provide Plaintiff with reasonable accommodations, refusing to allow Plaintiff necessary contact with her doctors and terminating her employment.

3. Defendants' discriminatory, retaliatory and tortious conduct showed a knowing, reckless and/or willful and malicious disregard for Plaintiff's rights. Defendants' unlawful conduct has caused and continues to cause Plaintiff to suffer economic damages and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

6. Plaintiff Allison L. Beatty ("Ms. Beatty" or "Plaintiff") is a 29-year old female with a disability, Type I diabetes, who resides in Suffolk County, in the

State of New York. Ms. Beatty was formerly employed by Defendants as a Financial Advisor's Assistant, or "Para Planner" from in or around November 2005 to June 7, 2006, when Defendants unlawfully terminated her employment. At all relevant times, Ms. Beatty met the definitions of an "employee" and a "qualified individual with a disability" under all applicable statutes.

7. Defendant Ameriprise is incorporated in the state of Delaware and has places of business throughout New York State, including 425 Broadhollow Rd., Melville, NY 11747 as well as other locations within Suffolk County. At all relevant times, Defendant Ameriprise has met the definitions of an "employer" and a "covered entity" under all applicable statutes.

8. Upon information and belief, Defendant J.DeSena & Associates is a branch office of Defendant Ameriprise with its principle place of business located at 425 Broadhollow Rd., Melville, NY 11747 (the "Melville Branch"). At all relevant times, Defendant Ameriprise has met the definitions of an "employer" and a "covered entity" under all applicable statutes.

9. Upon information and belief, Defendant Joseph DeSena resides in the State of New York, Suffolk County. At all relevant times, Defendant DeSena participated directly in the discriminatory, retaliatory and otherwise unlawful employment decisions and actions taken against Plaintiff.

## ADMINISTATIVE PROCEDURES

10. Plaintiff has complied with all statutory prerequisites to her ADA claims, having filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 10, 2006.

11. On or about February 16, 2007, the EEOC issued Plaintiff her right to sue letter. This action has been filed within 90 days of the receipt of Plaintiff's EEOC right to sue letter.

12. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### Ms. Beatty's Employment with Defendants

13. Ms. Beatty began working for Defendants in or around November 2005 as a Financial Advisor's Assistant, also known as a "Para Planner."

14. Ms. Beatty was interviewed for the Para Planner position by Defendant DeSena and received the job offer only hours later by telephone.

15. During her initial interview, Defendant DeSena noticed the insulin pump that Plaintiff carried on her person and asked her about it. Ms. Beatty explained to him that it was an insulin pump that she carried to assist with treatment of her diabetes.

4

16. Upon information and belief, although she provided a resume, neither Defendant DeSena nor anyone else employed by Defendants bothered to read it prior to hiring her.

17. Ms. Beatty's work performance as a Para Planner was consistently good, as evidenced by her positive performance review calling her "insightful" and praising her commitment and the quality of work she produced.

## The Relationship Between Ameriprise and the DeSena Company

18. Ameriprise and the DeSena Company were joint employers of Plaintiff. Throughout the relevant period, Ameriprise is listed as Plaintiff's employer on her U-4 securities registration. Upon information and belief, Plaintiff, the DeSena Company and Defendant DeSena were covered and governed by the personnel and compliance policies of Ameriprise. For example, during the relevant time period, Ameriprise's compliance department asserted the right to inquire into Ms. Beatty's outside business interests and limit what those interests could be. Significantly, Ms. Beatty never received a separate handbook or personnel policy from the DeSena Company or Defendant DeSena.

19. The DeSena Company bore the Ameriprise name both on the physical office space and on publicly distributed advertisements and materials. Upon information and belief, throughout the relevant period Defendant DeSena was an employee and executive of Ameriprise and acted under its direction and control. Upon information and belief, Ameriprise had decision-making authority as to the terms and

5

conditions of Plaintiff's employment through its joint employer status with Defendant DeSena Company and DeSena.

**Defendants' Discriminatory and Harassing Treatment of Ms. Beatty**

20. Despite her excellent work, Ms. Beatty's employment was marred by Defendant DeSena's discriminatory and harassing treatment.

21. By way of example only, in or around January 2006, Defendant DeSena became upset to learn, from Ameriprise's compliance department, that Ms. Beatty owned a company in addition to her work as a Para Planner. He irrationally accused Ms. Beatty of keeping information from him and threatened to terminate her employment, despite the fact that her involvement was clearly listed on her resume.

22. In February 2006, Defendant DeSena improperly announced Ms. Beatty's diabetes to the entire staff at the Melville Branch, embarrassing her by revealing this private medical detail in a crass and public manner.

23. In addition, also in February 2006, Ms. Beatty was told by her doctors that her condition was worsening and that they would need to remain in constant contact with her to monitor her condition. However, when Ms. Beatty informed Defendant DeSena of this fact, he refused to allow her to receive phone calls on her personal cellphone from her doctors. Specifically, Defendants issued an e-mail to all employees in the Melville Branch stating that cellphone use was prohibited. Although this e-mail allowed for exceptions for business reasons, Defendants refused to grant Plaintiff an exception to the policy to allow her doctors to phone her.

24. This was a failure to accommodate Plaintiff's disability.

25. In addition, after Plaintiff informed Defendant DeSena of a worsening of her diabetic condition, Defendant DeSena also began to require that Ms. Beatty report to him in a weekly meeting with his office manager present concerning he health. During these meetings he improperly demanded updates on her condition, including detailed, personal health information. Despite being humiliated by these demands, Ms. Beatty complied, believing that she would lose her job if she failed to abide by Defendant DeSena's requirements.

26. Then, in or around March 2006, Ms. Beatty was told by her doctors that she would have to schedule appointments once every two weeks to manage certain complications that had arisen as a result of her diabetes. Ms. Beatty scheduled the appointments in a manner designed to cause as little disruption as possible to her work schedule and worked extra hours on other days to make up any time lost to the appointments. At all relevant times, she was able to perform the material duties and responsibilities of her position.

27. After Ms. Beatty informed him about this change in her status, Defendant DeSana began to mention her doctor's appointments during group meetings with others in the office and made other comments about her disability.

**Defendants' Unlawful Retaliation**

28. Finally, in or around late May 2006, Ms. Beatty informed Defendant DeSena that she would no longer discuss her medical condition with him, that

it was unlawful and improper for him to inquire about her condition and asked him to stop asking for more information from her.

29. In response, Defendant DeSena became hostile towards Ms. Beatty, by, among other things, telling her he could not trust her and taking away certain job-related duties.

30. On June 2, 2006, a few days after Plaintiff resisted Defendant DeSena's improper inquiries into her health, Defendant DeSena and others began to pressure her to resign her employment, saying that if she was unhappy or the job was causing her to become sick, she should leave.

31. Ms. Beatty responded by informing them that she did not want to quit her job. Defendant DeSena then ordered Plaintiff to make an appointment during the following week to give him his final answer about whether or not she intended to quit her job.

32. That night, Ms. Beatty called the Human Resources Department at Defendant Ameriprise's offices which oversaw HR issues for all of the branches. She informed Human Resources of the above-described events and request their assistance in keeping her job. After an initial series of calls during which Human Resources first indicated it would investigate the matter, Ms. Beatty was suddenly informed, that the Ameriprise Human Resources department would not help her. Incredibly, not only did Ameriprise expressly refuse to assist Plaintiff, Amerprise further stated that it was erasing all records of her phone calls.

8

33. Amerprise was Plaintiff's registered employee on important securities filings, and asserted control over her terms and conditions of employment (including asserting the right to limit her from conflicting outside activities). When Plaintiff complained of serious discrimination and failure to accommodate, however, Ameriprise ignored her plea on the convenient, yet utterly false claim that she was not Ameriprise's responsibility

34. Less than a week later, on June 7, 2006, Ms. Beatty met with Defendant DeSena, whom, upon information and belief was aware of her efforts to contact Ameriprise's Human Resources Department. He began the meeting by telling her that he was forced to call the meeting as a result of her decision not to resign. He then berated Ms. Beatty for a number of pretextual performance issues, none of which were mentioned on her performance review conducted less than two weeks earlier. Defendant DeSena, relying upon these fabricated performance deficiencies, unlawful terminated Ms. Beatty's employment.

## AS AND FOR A FIRST CAUSE OF ACTION

(Discrimination and Harassment in Violation of ADA)

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 as if separately set forth herein.

36. Defendants Ameriprise and DeSena Company discriminated against Plaintiff in violation of the ADA by denying her equal terms and conditions of employment, including but not limited to, inquiring about her medical conditions and terminating her employment and unlawfully terminating her employment because of her

9

disability, because Defendants regarded her as disabled, and/or because of Plaintiff's record of disability.

37. Defendants Amerprise and DeSena Company discriminated against Plaintiff in violation of the ADA by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her disability, because Defendants regarded her as disabled, and/or because of Plaintiff's record of disability.

38. As a direct and proximate result of the unlawful and discriminatory conduct by Defendants Amerprise and DeSena Company in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

39. As a direct and proximate result of the unlawful and discriminatory conduct by Defendants Amerprise and DeSena Company in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

40. The unlawful and discriminatory actions by Defendants Amerprise and DeSena Company constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

(Retaliation in Violation of ADA)

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 as if separately set forth herein.

42. Defendants Amerprise and DeSena Company have violated the ADA by subjecting Plaintiff to retaliation for her complaints of and opposition to Defendants' unlawful discrimination. Among other retaliatory acts, Defendants Amerprise and DeSena Company unlawfully requested that Plaintiff resign her employment, and, when she failed to do so, terminated her employment in retaliation for complaining of and opposing Defendants' unlawful discrimination.

43. As a direct and proximate result of the unlawful and retaliatory conduct by Defendants Amerprise and DeSena Company in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

44. As a direct and proximate result of the unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

11

and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

45. These unlawful and retaliatory actions by Defendants Amerprise and DeSena Company constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

(Violation of the Duty of Reasonable Accommodation under ADA)

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 as if separately set forth herein.

47. Defendants Amerprise and DeSena Company violated their duty to provide Plaintiff with a reasonable accommodation under the ADA when they failed to initiate a discussion with Plaintiff regarding the need for an accommodation based on her known disability.

48. As a direct and proximate result of the unlawful and discriminatory conduct by Defendants Amerprise and DeSena Company in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

49. As a direct and proximate result of the unlawful and discriminatory conduct Defendants Amerprise and DeSena Company in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress,

including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

50. These unlawful and discriminatory actions by Defendants Amerprise and DeSena Company constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Discrimination in Violation of New York State Human Rights Law)

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 as if separately set forth herein.

52. Defendants discriminated against Plaintiff in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including but not limited to, terminating her employment, despite Plaintiff being fully qualified and at all times performing her duties in a professional and competent manner, because of her disability, because Defendants regarded her as disabled, and/or because of Plaintiff's record of disability.

53. Defendants discriminated against Plaintiff in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her disability, because Defendants regarded her as disabled, and/or because of Plaintiff's record of disability

13

54. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

55. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Retaliation in Violation of the New York State Human Rights Law)

56. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 as if separately set forth herein.

57. Defendants have violated the New York State Human Rights Law by subjecting Plaintiff to retaliation for her complaints of and opposition to Defendants' unlawful discrimination. Among other retaliatory acts, Defendants unlawfully requested that Plaintiff resign her employment, and, when she refused to do so, terminated her employment in retaliation for complaining of and opposing Defendants' unlawful discrimination.

58.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York State Human Rights Law Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

59.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTH CAUSE OF ACTION

(Aiding and Abetting Violations of New York State Human Rights Law)

60.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 59 as if separately set forth herein.

61.     Defendant DeSena was Plaintiff's supervisor, and knowingly or recklessly aided and abetted the unlawful employment practices, unlawful discrimination and/or unlawful retaliation against Plaintiff in violation of the New York State Human Rights Law by actively participating in the unlawful, discriminatory and retaliatory conduct set forth above.

62.     As a direct and proximate result of the Defendant DeSena's unlawful, discriminatory and retaliatory conduct in violation of the New York State

Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

63. As a direct and proximate result of Defendant DeSena's unlawful, discriminatory and retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A SEVENTH CAUSE OF ACTION

(Violation of the Duty of Reasonable Accommodation
under the New York State Human Rights Law)

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 63 as if separately set forth herein.

65. Defendants violated their duty to provide Plaintiff with a reasonable accommodation under the New York State Human Rights Law when they failed to initiate a discussion with Plaintiff regarding the need for an accommodation based on her known and/or perceived disability.

66. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but

not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

67. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Beatty prays that this Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States of America and the State of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' discrimination, retaliation and other unlawful conduct, as well as to take such affirmative action, including but not limited reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment;

17

D. An award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, tenure, seniority and other benefits of employment;

E. An award of damages in an amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish, depression, humiliation, embarrassment and emotional distress;

F. An award of any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages against Defendants Ameriprise Financial Enterprises and J.DeSena and Associates;

H. An award of all costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

I. An award of pre-judgment interest on all amounts due; and

J. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
      May 15, 2007

                                    THOMPSON WIGDOR & GILLY LLP

                                    By: _____
                                           Douglas H. Wigdor (DW-9737)
                                           Kathryn J. Webber (KP-9576)

                                    350 Fifth Avenue, Suite 5720
                                    New York, New York 10118
                                    Telephone: (212) 239-9292
                                    Facsimile: (212) 239-9001

                                    *Attorneys for Plaintiff*